UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

MICHAEL L. THOMPSON,

        Plaintiff,

      v.                          Case No. 24-cv-0800

SARAH FELTES, et al.,

        Defendants.

───────────────────────────────────────────────

## DECISION AND ORDER

───────────────────────────────────────────────

Plaintiff Michael L. Thompson, who is incarcerated at Oshkosh Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On September 9, 2024, District Judge J.P. Stadtmueller screened the complaint and allowed Thompson to proceed on retaliation claims against Defendants Sarah Feltes and Jeffrey Freund. A few weeks later, on September 24, 2024, the case was reassigned to me after the parties consented to magistrate judge jurisdiction. Defendants moved for partial summary judgment on October 24, 2024, on the ground that Thompson did not exhaust the administrative remedies as to his claim against Feltes. Dkt. No. 16. Rather than responding to Defendants' motion, Thompson filed an amended complaint on November 5, 2024. He seeks to clarify the claims with which he wants to proceed, and he details his efforts to exhaust the administrative remedies. Dkt. No. 21. Defendants filed their answer in response to the complaint that same day.

The Court will strike Thompson's amended complaint for several reasons. First, the amended complaint does not comply with Rule 8, which requires a pleading to contain "a demand for relief sought." The amended complaint does not state what relief Thompson is seeking.

Second, Thompson did not comply with Civil L. R. 9(b), which requires prisoners bringing a §1983 action to use the Court's complaint form. Had Thompson used the Court's form, he would have been prompted to include a claim for relief. And, finally, for the reasons explained below, it is unnecessary for Thompson to amend the complaint in the way he proposes.

It appears that Thompson's primary objective is to address Defendants' exhaustion argument, but "failure to exhaust is an affirmative defense . . . and [] inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Accordingly, it is unnecessary for Thompson to amend his complaint to include allegations regarding his exhaustion efforts. Thompson also seeks to clarify that he intended to sue Feltes on the theory that she was interfering with his ability to retain counsel of his choice in his criminal case. But the facts giving rise to such a claim are included in his original complaint. "The Federal Rules of Civil Procedure do not require a plaintiff to allege legal theories or even facts corresponding to each element of a claim." *Sargeant v. Barfield*, 87 F.4th 358, 361 (7th Cir. 2023). Accordingly, because the underlying facts remain the same as those alleged in the original complaint, it is unnecessary for Thompson to amend his complaint only to clarify that he wants to pursue a different legal theory based on those same facts.

That said, the Court acknowledges that the screening order did not allow Thompson to proceed on such a claim. Therefore, based on the facts alleged in the *original* complaint, the Court will also allow Thompson to proceed on a claim under the Sixth Amendment that Feltes interfered with his right to counsel when she refused to process his fee request. *See* Dkt. No. 1 at 2; *see, e.g., Mayer v. Carr*, No. 22-cv-1192, 2023 WL 4933242 at *3 (E.D. Wis. Aug. 2, 2023).

The Court acknowledges that allowing Thompson to proceed on a Sixth Amendment claim may impact Defendants' motion for partial summary judgment on exhaustion grounds.

Accordingly, the Court will allow Defendants until November 27, 2024 to supplement their motion to account for the new claim. The Court will also extend Thompson's deadline to respond to Defendants' motion to December 27, 2024. If Thompson does not respond by the deadline, the Court will accept all facts asserted by Defendants as true and will decide the motion without Thompson's input.

**IT IS THEREFORE ORDERED** that Thompson's proposed amended complaint (Dkt. No. 21) is **STRICKEN** because it does not comply with Fed. R. Civ. P. 8 and is unnecessary.

**IT IS FURTHER ORDERED** that, by **November 27, 2024**, Defendants may supplement their motion for partial summary judgment on exhaustion grounds, if they so choose.

**IT IS FURTHER ORDERED** that Thompson must respond to Defendants' motion for partial summary judgment by **December 27, 2024**. If he does not respond or ask for more time to do so by the deadline, the Court will accept all facts asserted by Defendants as true and will decide the motion without Thompson's input.

Dated at Milwaukee, Wisconsin on November 6, 2024.

STEPHEN C. DRIES
United States Magistrate Judge