UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL L. THOMPSON,

      Plaintiff,

v.                   Case No. 24-cv-0800

SARAH FELTES et al.,

      Defendants.

---

## DECISION AND ORDER

---

  Plaintiff Michael Thompson, who is incarcerated at Oshkosh Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On October 24, 2024, Defendants filed a motion for partial summary judgment on the ground that Thompson failed to exhaust the available administrative remedies in connection with his claims against Defendant Sarah Feltes. Dkt. Nos. 15, 25. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

  Thompson is proceeding on claims that Defendants retaliated against him for filing an inmate complaint. *See* Dkt. No. 9. Specifically, Thompson alleges that Feltes refused to process a disbursement request, which interfered with his ability to hire a lawyer to work on his criminal case, and that Defendant Jeffrey Freund interfered with his ability to exhaust inmate complaints. Dkt. No. 1 at 2-3. Thompson is also proceeding on a Sixth Amendment claim in connection with his allegations that Feltes' refused to process his disbursement request. *See* Dkt. No. 23. Defendants assert that Thompson failed to exhaust the administrative remedies in connection with

his claims against Feltes because he filed his inmate complaints about her conduct more than fourteen days after the relevant incident.[1]

Defendants highlight three inmate complaints filed by Thompson that are relevant to his claims against Feltes, but the Court need review only the first because it is dispositive. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("In order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue . . . if the objectionable condition is continuing.") On January 10, 2024, the institution complaint examiner acknowledged Thompson's inmate complaint, which noted the incident date as December 18, 2023. Thompson signed the inmate complaint on January 8, 2024, twenty-one days after the "incident date." Thompson characterized the issue as "being denied access to the courts and being retaliated against." He explained the issue as follows:

> On 12-18-23 I attempted to get a disbursement request verified by unit staff. They all said that the unit manager (S. Feltes) told them not to verify any amount over $25. So I placed the disbursements in the unit manager's box. A few days later I went into her office to ask her about it. She said she hadn't checked her mail. The next day that she worked, I tried to show her proof that the money is going to a lawyer. She said she would let me know if she has any questions. The third time I went into her office she said she'll get to it when she does. It should be noted that Ms. Feltes expressed to me that she did not like that I was making staffs job harder, when I had to talk to her to resolve my last complaint over visiting.

Dkt. No. 17, 28 at ¶¶6 ; Dkt. No. 18-2 at 9.

On January 25, 2024, the institution complaint examiner rejected the inmate complaint on the basis that Thompson had filed it "7 days past the 14-day time limit." He defined the "incident

---

[1] Initially, Defendants also argued that, even if Thompson had timely filed his inmate complaints (which Defendants deny), the inmate complaints do not provide notice of a retaliation claim because they do not identify the protected activity that allegedly motivated Feltes' retaliatory conduct. *See* Dkt. No. 17 at ¶¶8, 13; Dkt. No. 16 at 11-13. Defendants have abandoned this argument, acknowledging in response to Thompson's proposed statements of fact that the inmate complaints reference a previously filed inmate complaint that involved Feltes. *See* Dkt. No. 31 at ¶¶1-2, 5; Dkt. No. 30 (arguing only that Thompson's inmate complaints were untimely).

giving rise to the complaint" as "not being allowed to have disbursement[s] signed by staff other than CPS Feltes" and the date of the incident as December 18, 2023, the date he was told by unit staff that only Feltes could approve disbursement requests for amounts greater than $25. Because Thompson signed the inmate complaint twenty-one days after the incident as defined by the institution complaint examiner, the inmate complaint was rejected as untimely. Dkt. No. 18-2 at 2.

Thompson requested a review of the rejected complaint, explaining that the institution complaint examiner misconstrued the issue. Thompson explained that his inmate complaint concerned Feltes "not approving (or even responding [to]) [his] disbursement to pay the lawyer [he was] attempting to hire." He further explained that, while the issue *began* on December 18, 2023, with unit staff refusing to verify his disbursement request and instructing him to talk to the unit manager, the issue he was grieving was Feltes' ongoing refusal to process his disbursement request. He noted that he tried three times to informally resolve the issue with her and that he timely submitted his inmate complaint after those efforts failed and it became clear she had no intention of processing his request. Despite Thompson's clarification, the reviewing authority approved the rejection on January 30, 2024. Dkt. No. 18-2 at 10, 7.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials

3

that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Plaintiff was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). It has long been held that the exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Thus, to properly exhaust administrative remedies, a prisoner must file his inmate complaint and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

That said, a prisoner will be relieved of the exhaustion requirement if the administrative remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison officials do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Because exhaustion is an affirmative defense, the defendants bear the burden

4

of proving that the plaintiff failed to exhaust. *See Pavey v. Conley*, 544 F.3d 739, 740¬–41 (7th Cir. 2008) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

The Court questions whether the institution complaint examiner and reviewing authority read Thompson's inmate complaint. Their conclusion that the issue grieved by Thompson was "not being allowed to have disbursement[s] signed by staff other than CPS Feltes" cannot be squared with Thompson's own description of the issue in the inmate complaint. Thompson included reference to staff's instructions only to explain why he was forced to seek approval for his disbursement request from Feltes rather than obtaining approval through the typical process. Thompson details Feltes' repeated brush-offs of his efforts to obtain approval—she first tells him she had not checked her mailbox in several days, then tells him she will contact him if she has questions, and finally tells him she will get to it when she gets to it. Thompson explains that, only at that point, after Feltes referenced his prior inmate complaint against her, did he realize she was stonewalling him because he had previously complained about her. The inmate complaint is sufficiently clear to infer that Feltes' refusal to address Thompson's disbursement request was ongoing. Thompson was not grieving that he had to obtain approval from Feltes as the institution complaint examiner improperly concluded, nor was he grieving that Feltes denied his request as Defendants now seem to suggest—Thompson was grieving Feltes' persistent refusal to decide one way or the other.

Given that Feltes' refusal to approve or deny Thompson's disbursement request was ongoing and not a discrete incident, the institution complaint examiner's conclusion that Thompson filed his inmate complaint more than fourteen days after the incident giving rise to the inmate complaint was incorrect. Thompson's complaint concerned a continuing action (as opposed to a continuing injury): Every day that Feltes allegedly refused to process his

5

disbursement request increased his injury by interfering with his ability to pay his lawyer. Thus, the fourteen-day window within which Thompson was required to file his inmate complaint would have started to run on the date of the incident's conclusion, *i.e.*, the date Feltes finally processed the disbursement request, *not* on the earliest date that Feltes became aware of Thompson's disbursement request, as the institution complaint examiner defined it. *See, e.g., Turley v. Rednour*, 729 F.3d 645, 654 (7th Cir. 2013) (Easterbrook, F., concurring). Thompson timely filed an inmate complaint providing notice to the prison and giving it an opportunity to correct the problem. Rather than accepting and investigating Thompson's inmate complaint, the institution complaint examiner rejected it after mischaracterizing the incident at issue and misidentifying when the fourteen-day window within which Thompson was required to file his inmate complaint began to run. By improperly rejecting Thompson's properly filed inmate complaint, the institution complaint examiner rendered the administrative remedies unavailable to Thompson. *See Dole*, 438 F.3d at 809. Defendants' motion for partial summary judgment on exhaustion grounds must therefore be denied.

**IT IS THEREFORE ORDERED** that Defendants' motion for partial summary judgment on exhaustion grounds (Dkt. No. 15) is **DENIED**.

Dated at Milwaukee, Wisconsin this 19th day of February, 2025.

BY THE COURT:

_Stephen C. Dries_
STEPHEN C. DRIES
United States Magistrate Judge